# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MAUREEN T. TESKE,

          Plaintiff,

      v.                                 Case No. 05-C-1252

GIRL SCOUTS OF THE FOX RIVER AREA, INC.,

          Defendant.

---

## ORDER

---

Plaintiff Maureen T. Teske has brought an action under the Americans with Disabilities Act, 42 U.S.C. § 12101-213 (2004). She has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $250 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the Court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that she is presently unemployed, has $500 in liquid assets, and has $2,500 in monthly expenses. Based on plaintiff's affidavit of indigence, the court is satisfied that she meets the poverty requirements of 28 U.S.C. § 1915. Her motion for leave to proceed in forma pauperis will be granted.

The court now turns its attention to the substance of the complaint. Plaintiff alleges that the Girl Scouts, her former employer, discriminated against her and terminated her due to her disabilities, which include post-traumatic stress disorder, migraines, depression, fibromyalgia, acid reflux disease and endometriosis. The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, forbids discrimination on the basis of disability. Plaintiff's ailments may fall within the Act's definition of "disability." *See* 42 U.S.C. § 12102; 29 C.F.R. § 1630.2. Accordingly, this case will be allowed to continue at this stage.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

2

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. §§ 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, she is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing party or its attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to its attorney(s).

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in 28 U.S.C. § 1915 precludes the defendant from moving to dismiss any claim identified in this order as potentially existing in the complaint if the defendant believes the complaint fails to state a claim upon which relief can be granted or is otherwise defective.

Dated this   10th   day of January, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3