UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAUREEN T. TESKE,

    Plaintiff,

v.                                                                                                 Case No. 05-C-1252

GIRL SCOUTS OF THE FOX RIVER AREA, INC.,

    Defendant.

**ORDER**

Plaintiff Maureen T. Teske sued Defendant Girl Scouts of the Fox River Area, Inc., for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Having filed the suit, she failed to respond to defendant's interrogatories and requests for production of documents. After lengthy correspondence, during the course of which it offered plaintiff numerous accommodations, including a stipulated protective order, defendant moved to compel answers to its interrogatories and requests for production.

Plaintiff's only response to defendant's motion has been to file a motion "to seal all documents pertaining to this case due to the confidential [medical] information that is being revealed in all of the documents." (Docket #21.) In a letter accompanying her motion to seal, plaintiff states that she has enclosed "an original and one copy of my answers to the Defendant's questions, but I have not enclosed the documentation relating to the answers." (Docket # 20.) Plaintiff states she will send the documentation after the court rules on her motion. (*Id.*)

Defendant objects that the plaintiff's motion to seal is overly broad, and notes that defendant previously offered to enter into a narrower, stipulated protective order that would have allowed plaintiff to designate her medical information as confidential and thereby to restrict disclosure of

that information to counsel and other persons directly involved in this litigation. The court agrees and will not seal all documents produced by plaintiff. Instead, it will enter a protective order substantially identical to that proposed by defendant. In responding to defendant's interrogatories and requests for production, plaintiff may designate her medical information as confidential pursuant to the terms of that order. The effect of such designation will prevent the further disclosure of plaintiff's confidential medical information beyond what is necessary to address her claims. Having placed the condition of her health at issue, however, plaintiff is not entitled to the total confidentiality she seeks. Accordingly, defendant's motion to compel will be granted and plaintiff must serve her full and complete responses to defendant's outstanding discovery requests on counsel for the defendant on or before August 1, 2006, or this case will be dismissed.

Defendant has requested an award of reasonable expenses, including attorney's fees, incurred in filing its motions to compel. Fed. R. Civ. P. 37(a)(4)(A) requires such an award "unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action, or that the opposing party's nondisclosure . . . was substantially justified, or that other circumstances make an award of expenses unjust." Defendant indisputably made a good faith effort to obtain plaintiff's responses before filing its motion. (Sitzmann Aff.) And in light of plaintiff's complete failure to respond to the interrogatories and requests for production–despite numerous accommodations, including the offer of a stipulated protective order–the court finds that plaintiff's nondisclosure was not substantially justified.

Remaining for consideration are other circumstances that may render an award of expenses unjust. The court notes that it granted plaintiff leave to proceed in forma pauperis in this case. (Order of January 10, 2006.) The grant of in forma pauperis status suggests that plaintiff is an individual of limited means, upon whom even an award of defendant's reasonable expenses might

2

prove unduly burdensome.[1]  Nevertheless, in forma pauperis status is not a license to flout the rules of discovery.  It should also be noted that the defendant is a non-profit organization that no doubt has better uses of its funds than to pay its attorneys extra fees in order to obtain discovery that, in light of her claim, plaintiff has a clear obligation to provide.

Given plaintiff's pro se status and the fact that she did seek a protective order to avoid disclosure of what she felt was confidential information, however, I find at least for now that an award of fees would be unjust.  But the court's decision on this issue is not final.  If plaintiff persists in the kind of conduct that results in counsel for the defendant having to seek relief from the court, fees for this motion, as well as further sanctions will be given strong consideration.

**IT IS THEREFORE ORDERED** that plaintiff's motion to seal (Docket #21) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motions to compel (Docket #17 and Docket #18) are **GRANTED.**  Plaintiff is to serve counsel for the defendant with full and complete answers to the outstanding discovery requests on or before August 1, 2006, or face dismissal of her action with prejudice.  A protective order concerning plaintiff's health records will be entered separately.

Dated this   13th   day of July, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] While plaintiff owned a home and two cars at the time she sought leave to proceed in forma pauperis, she was also unemployed, and had only $500 in liquid assets.  (Docket #2.)

3