UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAUREEN T. TESKE,

      Plaintiff,

v.                                                                  Case No. 05-C-1252

GIRL SCOUTS OF THE FOX RIVER AREA, INC.,

      Defendant.

**PROTECTIVE ORDER**

      The court having concluded, pursuant to Fed. R. Civ. P. 26 and Civil L.R. 26.4(a), that good cause exists to enter an order protecting plaintiff's medical files and other sensitive information of the parties from full disclosure, **IT IS HEREBY ORDERED** that the parties may limit disclosure of such information as follows:

(A) Designation of Confidentiality:

      (1) Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection, such documents may be produced for inspection before being marked confidential. Once specific

documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(2) Portions of depositions of a party's present and former officers, directors, employees, agents, experts including doctors, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

(3) Information or documents designated as confidential under this procedure must not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(4) The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this procedure to any other person or entity, except that disclosures may be made in the following circumstances:

(I) Disclosure may be made to employees of counsel for the parties who have functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this procedure requiring that the documents and information be held in confidence.

(ii) Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies or other reproductions

of documents. Such court reporter or person engaged in making photocopies or other reproductions shall agree to abide by this procedure.

(iv) Disclosure may be made to consultants, investigators or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Such experts will be informed of and agree to be subject to this procedure.

(5) Except as provided in Subparagraph (4), counsel for the parties must keep all documents designated as confidential which are received under this procedure secure within their possession and must place such documents in a secure area.

(6) All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this procedure, or any portion thereof, must be affixed with the word "CONFIDENTIAL" if that word does not already appear.

(7) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed with the Court under seal in an envelope marked "SEALED." Reference to this procedure may be made on the envelope.

(B) The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant shall accompany such a motion with statement explaining the challenge. The party seeking confidential status shall bear the burden of proving that status, if challenged.

3

(C) At the conclusion of the litigation, all material not received in evidence and treated confidential under this procedure must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

(D) Nothing herein shall prevent the parties from agreeing to amend this Protective Order, subject to the approval of the court, nor shall any provision herein prevent any party from moving for an amendment of this Protective Order. The court may amend this Protective Order upon a showing of good cause.

Dated this __13th__ day of July, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge